LINDA KINSLOW SHARP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; LINDA C. KINSLOW, A.K.A. LINDA KINSLOW SHARP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sharp
Docket Nos. 18472-90, 26353-91
United States Tax Court
T.C. Memo 1992-482; 1992 Tax Ct. Memo LEXIS 509; 64 T.C.M. (CCH) 589; August 25, 1992, Filed *509 Appropriate orders and decisions will be entered. For Petitioner: Earl G. Covington. For Respondent: David W. Johnson. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: These matters are before the Court on petitioner's motions for attorney's fees and award of costs filed in docket No. 18472-90 on March 19, 1992, and in docket No. 26353-91, on February 21, 1992. These cases will be treated in this opinion as one court proceeding pursuant to section 7430(e). [1]
Respondent mailed a statutory notice of deficiency dated May 31, 1990, to petitioner pertaining to the taxable years 1984, 1985, and 1986. On August 17, 1990, petitioner filed her petition in response to the May 31, 1990, notice of deficiency. That is the case at docket No. 18472-90 (Sharp I). Respondent mailed a statutory notice of deficiency, dated August 14, 1991, to petitioner pertaining to the taxable *510 year 1987. On November 15, 1991, petitioner filed her petition in response to the August 14, 1991, notice of deficiency. That is the case at docket No. 26353-91 (Sharp II). Both cases were settled without trial. A stipulation of settlement was filed with the Court on January 13, 1992, in Sharp I. A stipulation of settlement was filed with the Court on February 21, 1992, in Sharp II. Pursuant to section 7430(a), the "prevailing party" in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable costs incurred in connection with such proceeding. Petitioner bears the burden of proof that she is entitled to such an award. Rule 232(e); . To be eligible for an award of litigation costs, petitioner must establish that: (1) All administrative remedies available to her have been exhausted; (2) she did not unreasonably protract the proceeding; and (3) she satisfies the statutory definition of a prevailing party. Sec. 7430(b)(1), (4) and (c)(4). Respondent *511 concedes that petitioner has exhausted all available administrative remedies. She also concedes that petitioner did not unreasonably protract the proceedings in these cases. To fall within the statutory definition of prevailing party, petitioner must establish that: (1) The position of the United States in the proceeding was not substantially justified; (2) she has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) she meets specified net worth requirements. Sec. 7430(c)(4)(A)(i)-(iii). Respondent does not agree that petitioner is the prevailing party in Sharp I and Sharp II nor does she agree that the costs allegedly incurred by petitioner in Sharp I and Sharp II are reasonable. The principal issue presented by the pleadings in Sharp I and Sharp II questioned the tax consequences of a mortgage foreclosure on petitioner's residence located at 1821 Witte Drive, Houston, Texas (the Witte property). Petitioner bought the Witte property in July 1982 to use as her personal residence. The sale was effected, in part, by a mortgage. In 1984, petitioner converted a part of her residence *512 to rental property. In 1986, petitioner failed to make her mortgage payments and the mortgagee foreclosed upon the property. In Sharp I, respondent determined that petitioner realized income from the discharge of indebtedness in the amount of $ 41,600 based upon the difference between the unpaid principal balance of petitioner's mortgage in the amount of $ 66,600 and the fair market value of her property at the time of the foreclosure sale in the amount of $ 25,000, as determined by respondent. When respondent made her aforementioned determinations, she was confronted with a number of potentially conflicting factual circumstances. The Federal National Mortgage Association (Fannie Mae) purchased the Witte property at a public foreclosure sale for $ 80,886.86 in September 1986. That amount was comprised of the principal of the debt plus certain amounts of accumulated monthly underpayments at the time of foreclosure. During her investigation of petitioner's administrative appeal in Sharp I, respondent learned that Fannie Mae sold the Witte property in March 1987 to a third party for $ 27,500. Furthermore, respondent learned that although Fannie Mae reserves the right to pursue *513 further collection against a defaulting mortgagor, and has 4 years to do so under Texas law, it does not ordinarily do so in cases such as this. Respondent determined, based upon the foregoing facts, that the price paid by Fannie Mae at the foreclosure sale of petitioner's property was not its true fair market value. Because of Fannie Mae's foreclosure policy, it may be assumed that foreclosed property will not sell for less than the balance due on the defaulting mortgagor's obligation on the mortgage contract, plus accrued but unpaid amounts due on the mortgage. Respondent also determined in Sharp I that it was not clear as to when income from discharge of indebtedness should be attributed to petitioner, i.e., in 1986 or some subsequent time. Respondent thought, alternatively, that gain from the Witte property could have been recognized in 1986, the year of the foreclosure sale by Fannie Mae, or in 1987, the year of the sale of the Witte property to a third party, or a subsequent year when Fannie Mae's right to initiate further collection proceedings against petitioner expired. While respondent was reviewing the facts pursuant to petitioner's administrative appeal in the Sharp *514 I notice of deficiency, but before August 15, 1991, the date upon which the statute of limitations would have run as to petitioner's 1987 taxable year, respondent learned of Fannie Mae's sale of the Witte property in March of 1987, to a third party in the amount of $ 27,500. As a result of the newly acquired information, subsequent to the mailing of the Sharp I notice of deficiency, respondent requested that petitioner's counsel agree to extend the 1987 period of limitations to enable respondent to determine if the income from discharge of indebtedness should be recognized in 1987. Petitioner's counsel refused to extend the period of limitations and respondent issued the notice of deficiency in Sharp II. Respondent directed her employee, Frank G. Kyle, a Valuation Engineer, to appraise the Witte property and to prepare a written report summarizing his findings. Mr. Kyle completed his report in late August 1991, or in early September 1991. He concluded that the fair market value of the Witte property was $ 69,000 as of September 1986, and $ 64,000 as of March 1987. The parties arrived at a basis for settlement in September 1991. They agreed that income from the discharge of *515 indebtedness resulting from the sale of the Witte property would be recognized in 1986 and that the fair market value of the property would be the value determined by Mr. Kyle as of March 1987. After having reviewed the record in these cases, we are convinced that respondent's position in these cases was substantially justified and we so hold. Since we have found that respondent's position in these cases was substantially justified, we need not address the other issues raised by the parties. Petitioner's motions for an award of attorney's fees and costs will be denied. Appropriate orders and decisions will be entered. Footnotes
1. All section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.↩